UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT KNOXVILLE

| JUAN RAMIREZ-MENDOZA | ) | |
|---|---|---|
| Petitioner, | ) | |
| v. | ) | 3:02-cv-661 |
| | ) | 3:98-cr-109 |
| | ) | *Jarvis* |
| UNITED STATES OF AMERICA | ) | |
| Respondent. | ) | |

**MEMORANDUM OPINION**

This is a motion to vacate, set aside or correct sentence pursuant to 28 U.S.C. § 2255. For the following reasons, the § 2255 motion will be **DENIED** and this action will be **DISMISSED**. All other pending motions will be **DENIED** as **MOOT**.

I. Standard of Review

This court must vacate and set aside petitioner's conviction upon a finding that "there has been such a denial or infringement of the constitutional rights of the prisoner as to render the judgment vulnerable to collateral attack." 28 U.S.C. § 2255. To prevail under § 2255, petitioner "must show a 'fundamental defect which inherently results in a complete miscarriage of justice,' or, an error so egregious that it amounts to a violation of due process." *United States v. Ferguson*, 918 F.2d 627, 630 (6th Cir. 1990) (quoting *Hill v. United States*, 368 U.S. 424, 428 (1968)).

Under Rule 8 of the Rules Governing Section 2255 Proceedings In The United States District Courts, the court is to determine after a review of the answer and the records of the case whether an evidentiary hearing is required. If the motion to vacate, the answer and the records of the case show conclusively that petitioner is not entitled to relief under § 2255, there is no need for an evidentiary hearing. *Baker v. United States*, 781 F.2d 85, 92 (6th Cir. 1986).

II. Factual Background

Petitioner and his co-defendant, James King, were convicted by a jury of conspiracy to distribute and possession with intent to distribute methamphetamine, in violation of 21 U.S.C. §§ 841(b)(1)(A) and 846; petitioner was sentenced to a term of imprisonment of 240

months, which included an enhancement based upon a prior felony drug conviction. Petitioner's conviction and sentence were affirmed on direct appeal. *United States v. King*, 272 F.3d 366 (6th Cir. 2001), *cert. denied*, 535 U.S. 1119 (2002).

On direct appeal, petitioner argued that the evidence was not sufficient to support a conviction on the conspiracy charge. The Sixth Circuit disagreed: "There was sufficient evidence to show that Ramirez-Mendoza knowingly participated in the charged conspiracy." *Id*. at 372.

Petitioner also claimed on direct appeal that the drug quantity upon which his sentence was based and the prior conviction used to enhance his sentence should have been alleged in the indictment and proven to the jury, based upon *Jones v. United States*, 526 U.S. 227 (1999), and *Apprendi v. New Jersey*, 530 U.S. 6 (2000). Because petitioner did not raise this issue at trial or at sentencing (*Apprendi* was decided after petitioner was sentenced), the Sixth Circuit reviewed his sentence for plain error. The court concluded that an *Apprendi* error did occur in petitioner's sentencing, but that petitioner's substantial rights were not affected. *United States v. King*, 272 F.3d at 378-80.

In support of his § 2255 motion to vacate sentence, petitioner alleges several instances of ineffective assistance of counsel and a challenge to the sufficiency of the evidence to support a conspiracy conviction. In two supplements to the § 2255 motion, petitioner also claims he is entitled to relief in light of the U.S. Supreme Court decisions in *Blakely v. Washington*, 542 U.S. 296 (2004) and *United States v. Booker*, 543 U.S. 220 (2005), respectively.

3

III.   Discussion

*A. Ineffective Assistance of Counsel*

In *Strickland v. Washington*, 466 U.S. 668 (1984) the United States Supreme Court established a two-part standard for evaluating claims of ineffective assistance of counsel:

> First, the defendant must show that counsel's performance was deficient. This requires showing that counsel made errors so serious that counsel was not functioning as the "counsel" guaranteed the defendant by the Sixth Amendment. Second, the defendant must show that the deficient performance prejudiced the defense. This requires showing that counsel's errors were so serious as to deprive the defendant of a fair trial, a trial whose result is reliable.

*Id*. at 687.

To establish that his attorney was not performing "within the range of competence demanded of attorneys in criminal cases," *McMann v. Richardson*, 397 U.S. 759, 771 (1970), petitioner must demonstrate that the attorney's representation "fell below an objective standard of reasonableness." *Strickland v. Washington*, 466 U.S. at 687-88. In judging an attorney's conduct, a court should consider all the circumstances and facts of the particular case. *Id*. at 690. Additionally, "a court must indulge a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance; that is, the defendant must overcome the presumption that, under the circumstances, the challenged action 'might be considered sound trial strategy.'" *Id*. at 689 (quoting *Michel v. Louisiana*, 350 U.S. 91, 101 (1955)).

As noted, petitioner alleges several instances of ineffective assistance of counsel, each of which the court will consider in turn.

**1. Failure to pursue plea negotiations.**

Petitioner alleges his attorney did not pursue a plea agreement and never advised petitioner of the possible effects of a plea agreement, such as a departure for acceptance of responsibility. In a related claim, petitioner alleges that his attorney did not advise him as to the strength of the government's case and therefore deprived him of the opportunity to consider a plea bargain. The Sixth Circuit has held, however, that "[t]he alleged denial of an opportunity to plea bargain does not permit collateral relief under § 2255." *Anderson v. United States*, No. 99-5204, 2000 WL 1256902 *2 (6th Cir. July 11, 2000) (unpublished decision) (citing *Weatherford v. Bursey*, 429 U.S. 545, 561 (1977) ("there is no constitutional right to plea bargain")). Accordingly, this claim lacks merit.

**2. Failure to move to dismiss the indictment.**

Petitioner alleges his attorney should have filed a motion to dismiss the indictment because the indictment failed to list the type and quantity of drugs involved. He relies on *Apprendi* to support this argument. In a related claim, petitioner claims he should have been sentenced under 21 U.S.C. § 841(b)(1)(B) to a minimum term of five years.

As noted, the Sixth Circuit on direct appeal considered petitioner's *Apprendi* argument and concluded his substantial rights were not affected by the *Apprendi* error, based upon "the

undisputed testimony of a forensic chemist that one package contained 82.8 grams of actual methamphetamine, an amount above the 50 gram amount needed to trigger the defendants' sentences under the applicable statutes." *United States v. King*, 272 F.3d at 379-380. In addition, the U.S. Supreme Court has since determined that neither the indictment's failure to specify a drug quantity nor the jury's failure to determine a drug quantity deprived the court of jurisdiction. *United States v. Cotton*, 535 U.S. 625 (2002).

Petitioner also alleges that the indictment failed to specify the type of methamphetamine and his attorney should have moved to dismiss it on that basis. The indictment, as well as the superseding indictment and the second superseding indictment, all advised petitioner that he was charged with conspiracy "to distribute and to possess with the intent to distribute a quantity of a mixture and substance containing a detectable amount of methamphetamine, a Schedule II narcotic controlled substance." [Criminal Action No. 3:98-cr-109, respectively, Court File No. 17, Indictment; Court File No. 29, Superseding Indictment; and Court File No. 84, Second Superseding Indictment]. Petitioner was thus advised that his offense involved the injectable liquid form of methamphetamine, 21 U.S.C. § 812(c), Schedule II(c), as opposed to another form of methamphetamine, *id*., Schedule III(a)(3). Accordingly, petitioner's attorney did not render ineffective assistance of counsel by failing to move to dismiss the indictment.

### 3. Failure to challenge prior conviction.

The government filed, pursuant to 21 U.S.C. § 851, a notice of its intention to seek an enhanced punishment based upon petitioner's 1994 California conviction for a felony drug offense. [Criminal Action No. 3:98-cr-109, Court File No. 155, Notice of Enhancement]. Petitioner alleges his attorney should have moved, in the Superior Court of California, to expunge his prior conviction so that counsel could have presented this court with a copy of the expungement order. Petitioner does not state, however, what the basis for expungement would have been.

In addition, § 851(e) specifically provides that a defendant cannot challenge the validity of a prior conviction which occurred more than five years before the government's notice of enhancement. Petitioner's California conviction occurred on June 23, 2004, and the government filed its notice on July 27, 1999. Accordingly, any challenge to the prior conviction would have been barred and petitioner's attorney did not render ineffective assistance of counsel by failing to challenge the prior conviction.


### 4. Failure to move for downward departure.

Petitioner alleges his attorney failed to file a motion for a downward departure based upon his role in the offense, his cultural assimilation, family and community ties, his prior criminal history, the hardship for his family, and his medical problems. [Court File No. 2, Memorandum in Support of § 2255 Motion, p. 17]. Petitioner does not set forth any facts, however, to support a motion for downward departure based upon the foregoing reasons. A

7

§ 2255 movant has the burden of proving the substance of his allegations by a preponderance of the evidence and a district court is not required to hold an evidentiary hearing on the basis of conclusory allegations. *See, e.g., Ashley v. United States*, 17 Fed. Appx. 306, 308 (6th Cir. 2001); *Tucker v. United States*, 423 F.2d 655, 656 (6th Cir. 1970); *United States v. Orlando*, 327 F.2d 185, 188 (6th Cir. 1964); *Malone v. United States*, 299 F.2d 254, 255 (6th Cir. 1962).

Based upon the foregoing, petitioner has failed to demonstrate ineffective assistance of counsel under the standard established by the Supreme Court in *Strickland*.

### B. Sufficiency of the Evidence

Petitioner alleges that the evidence showed only a buyer/seller relationship and not a conspiracy. On direct appeal, the Sixth Circuit considered and rejected petitioner's claim that the evidence was not sufficient to convict him of conspiracy. *United States v. King*, 272 F.3d at 372. Petitioner cannot use a § 2255 proceeding to relitigate issues decided adversely to him on direct appeal. *See, e.g., DuPont v. United States*, 76 F.3d 108, 110 (6th Cir. 1996).

### C. Blakely / Booker

In two supplements to his § 2255 motion, petitioner alleges, respectively, that his sentence should be vacated pursuant to the U.S. Supreme Court decisions in *Blakely v. Washington*, 542 U.S. 296 (2004) and *United States v. Booker*, 543 U.S. 220 (2005). At this

time there is no reason to apply *Blakely* retroactively to a § 2255 motion such as petitioner's. *See, e.g., In Re Dean*, 375 F.3d 1287 (11th Cir. 2004). "No court has yet determined whether *Blakely* created a new rule of constitutional law made retroactive to cases on collateral review." *Id*. at 1290 (citation omitted). In addition, any claim petitioner may have pursuant to *Blakely* is now governed by the Supreme Court's intervening decision in *Booker*, which applied the reasoning in *Blakely* to the federal sentencing guidelines.

In *Booker*, the Court noted that its holding should be applied "to all cases on direct review." *United States v. Booker*, 543 U.S. at 268. The Court did not state that the holding should be applied retroactively on collateral review of cases in which the judgment has become final. In fact, the Court quoted *Griffith v. Kentucky*, 479 U.S. 314, 328 (1987), for the proposition that "'a new rule for the conduct of criminal prosecutions is to be applied retroactively to all cases ... pending on direct review or not yet final, with no exception for cases in which the new rule constitutes a "clear break" with the past.'" *Id*. The Sixth Circuit has, in fact, held that *Booker* "does not apply retroactively in collateral proceedings." *Humphress v. United States*, 398 F.3d 855, 860 (6th Cir.), *cert. denied*, 126 S. Ct. 199 (2005). Accordingly, neither *Blakely* nor *Booker* afford petitioner any relief.

IV.     Conclusion

Petitioner is not entitled to relief under § 2255 and his motion to vacate, set aside or correct sentence will be **DENIED**.  This action will be **DISMISSED**.  In addition to the above, this court **CERTIFIES** that any appeal from this action would not be taken in good faith and would be totally frivolous.  Therefore, this court will **DENY** petitioner leave to proceed *in forma pauperis* on appeal.  *See* Rule 24 of the Federal Rules of Appellate Procedure.  Petitioner having failed to make a substantial showing of the denial of a constitutional right, a certificate of appealability **SHALL NOT ISSUE**.  28 U.S.C. § 2253; Rule 22(b) of the Federal Rules of Appellate Procedure.

**AN APPROPRIATE ORDER WILL ENTER.**

                                                       s/ James H. Jarvis
                                                United States District Judge